21-1208-cv
Thomas v. Deutsche Bank Nat'l Tr. Co.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-two.

PRESENT:  ROBERT D. SACK,
         RAYMOND J. LOHIER, JR.,
         WILLIAM J. NARDINI,
              *Circuit Judges.*

------------------------------------------------------------------

EUGENE THOMAS,

    *Plaintiff-Appellant*,

   v.                                             No. 21-1208-cv

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    *Defendant-Appellee.*\*

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT: EUGENE E. THOMAS, *pro se*, New York, NY

FOR DEFENDANT-APPELLEE: ASHLEY S. MILLER, Ackerman LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Eugene Thomas, pro se, appeals from the April 8, 2021 judgment of the United States District Court for the Southern District of New York (Caproni, J.) adopting in full the report and recommendation of the Magistrate Judge (Parker, M.J.) and dismissing Thomas's claims for breach of contract, quiet title, and slander of title.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Deutsche Bank National Trust Company commenced foreclosure proceedings in New York state court on a property Thomas owned in the Bronx, New York after Thomas failed to timely pay his mortgage.   The state court

2

granted summary judgment in favor of Deutsche Bank in October 2017 and, after Thomas moved to vacate the judgment, entered a final judgment of foreclosure and sale in October 2019. Thomas also sued Deutsche Bank in a separate proceeding in state court in April 2019, asserting claims of breach of contract, quiet title, and slander of title. The state court dismissed those claims because they had already been litigated in Deutsche Bank's initial foreclosure action.

Thomas commenced this federal action in June 2020, seeking relief from the state court's judgments. Deutsche Bank filed a motion to dismiss and the Magistrate Judge issued a report and recommendation on March 10, 2021 recommending that Deutsche Bank's motion be granted based on the Rooker-Feldman doctrine[1] and res judicata. The Magistrate Judge notified Thomas that he had seventeen days to file objections to the report and recommendation and that "failure to file timely objections shall result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985)." Suppl. App'x 1778. On March 10, 2021, the Clerk of Court for the Southern District of New York mailed a copy of the

---

[1] See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923) and D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

3

Magistrate Judge's report and recommendation, including the notice, to Thomas. Thomas did not file any objections. On April 8, 2021, the District Court, noting that neither party had filed any objections, adopted the report and recommendation in full, dismissed Thomas's claims with prejudice, and denied Thomas's motion to amend the complaint.

Generally, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quotation marks omitted). For pro se parties like Thomas, "failure to object . . . does not operate as a waiver . . . unless the magistrate's report explicitly states that failure to object . . . will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure." Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989). Here, the Magistrate Judge provided that notice. See Suppl. App'x 1778. Accordingly, we conclude that Thomas waived his right to appellate review of the Magistrate Judge's report and recommendation.

To the extent that Thomas asks us to excuse his failure to object in the

4

interests of justice because, in his view, the Magistrate Judge plainly erred in concluding that the <u>Rooker</u>-<u>Feldman</u> doctrine and <u>res</u> <u>judicata</u> preclude his claims, we decline to do so.   See <u>Spence v. Superintendent</u>, 219 F.3d 162, 174 (2d Cir. 2000).

We have considered Thomas's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court